UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NSINGI FISTON,

Petitioner,

v.

PAMELA BONDI et al.,

Respondents.

CASE NO. 2:26-cv-00904-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Nsingi Fiston's Petition for Writ of Habeas Corpus.  Dkt. # 1.  The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law.  Being fully advised, for the reasons below, the Court GRANTS the Petition.  Dkt. # 1.

# II

## BACKGROUND

Petitioner is a 33-year-old non-U.S. citizen.  Dkt. # 1 at 5.  He is a native and citizen of Angola.  *Id*; Dkt. # 5 at 2.  Petitioner entered the U.S. on or around January 18, 2023, and was apprehended by U.S. Customs and Border Patrol and served a Notice to Appear charging him

ORDER - 1

with inadmissibility under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)). Dkt. # 5 at 2; Dkt. # 1 at 6. Still, on January 19, 2023, Petitioner was released on an Order of Release and Recognizance (OREC). Dkt. # 5 at 2; Dkt. # 1 at 6.

Petitioner maintained compliance with his OREC between 2023 and 2025. Dkt. # 1 at 6. But on July 21, 2025, Petitioner was arrested for driving under the influence (DUI). Dkt. # 5 at 2; Dkt. # 1 at 7. Petitioner was released from custody and required to wear a device to monitor his alcohol consumption. Dkt. # 1 at 7. Charges remain pending. *Id*.; Dkt. # 5 at 2. Nearly five months later, on December 15, 2025, Petitioner attended his pre-scheduled in-person check-in with Immigration and Customs Enforcement (ICE). Dkt. # 5 at 2; Dkt. # 1 at 7. At that appointment, Petitioner was informed he was being detained due to his recent arrest. Dkt. # 5 at 2; Dkt. # 1 at 7.

Petitioner was transferred to the Northwest Immigration Processing Center (NWIPC), where he remains today. Dkt. # 5 at 2; Dkt. # 1 at 7. Since his detention, Petitioner has filed an application for asylum and other related relief. Dkt. # 1 at 6. On February 11, 2026, an Immigration Judge ordered Petitioner removed to Uganda (under a cooperation agreement between Uganda and the U.S.), and denied Petitioner's asylum request and other related relief. Dkt. # 5 at 2; Dkt. # 1 at 7. Petitioner has appealed and his appeal remains pending before the Board of Immigration Appeals. Dkt. # 5 at 3; Dkt. # 1 at 7.

### III

#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

ORDER - 2

Petitioner invokes the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person "of life liberty, or property, without due process of law[.]"  The right to due process "applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (collecting cases).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether a governmental action violates due process:

> [G]enerally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

The traditional test for evaluating due process claims established by *Mathews*, 424 U.S. 319 (1976), "can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).[1]

---

[1] In *Rodriguez Diaz*, the Ninth Circuit applied the *Mathews* test, but "assume[d] without deciding" that *Mathews* applies in the context of immigration detention.  53 F.4th at 1207.  In applying the *Mathews* test, the Court recognized that other circuits have applied the *Mathews* test to due process challenges to immigration proceedings.  *Id*. at 1206.  The Ninth Circuit has "regularly applied *Mathews* to due process challenges to removal proceedings."  *Id*.  And the Supreme Court has applied *Mathews* in a

ORDER - 3

A.      Statutory Framework

Before turning to the *Mathews* factors, it is necessary to determine the statute under which Petitioner is detained.  Respondents' brief discusses what persons fall within the definition of "seeking admission" under 1225(b); it says that the provision applies to Petitioner's re-detention even though he resided in the U.S. for two years before re-detention and was initially released on an OREC under 8 U.S.C. § 1226.  *See* Dkt. # 1-7; *see also* Dkt. # 5 at 2.  But this question was considered and decided in this District in *Lal v. Noem*, No. C26-0247-KKE, 2026 WL 369378, at *2 (W.D. Wash. Feb. 10, 2026).

In *Lal*, the petitioner had been released on parole, living in the U.S. for four years, and pursuing an asylum claim when he was re-detained.  *Lal*, 2026 WL 369378, at *1.  The court found "that Petitioner is properly detained under Section 1226(a) rather than Section 1225(b)" because the "'overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years'" and the application of Section 1225(b) is unpersuasive when the statutory scheme is read as a whole.  *Id.* at *2 (citing *Aquino v. LaRose,* No. 25-cv-2904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) (collecting cases)).  The Court agrees with this analysis.

---

due process challenge to an immigration exclusion hearing.  *Id.*; see *Landon v. Plasencia*, 459 U.S. 21 (1982).  More recently, courts in this District have repeatedly applied *Mathews* to evaluate noncitizens' due process challenges to re-detention decisions.  *See*, *e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 (W.D. Wash. 2025) (applying *Mathews* to evaluate the constitutionality of the petitioner's re-detention and collecting cases that employ this test in the context of immigration detention); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135 (W.D. Wash. 2025) (applying *Mathews* to evaluate the constitutionality of the petitioner's re-detention); *Kumar v. Wamsley*, 2025 WL 2677089, *2-3 (W.D. Wash. Sept. 17, 2025) (same); *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, *7-8 (W.D. Wash. Oct. 7, 2025) (same); *Tzafir v. Bondi*, 2025 WL 3724708, *2-4 (W.D. Wash. Dec. 24, 2025) (same).  The Court likewise applies the *Mathews* test here.

ORDER - 4

Further, Petitioner's case is even stronger because he was released on an OREC that specifically says his release is "[i]n accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] and the applicable provisions of Title 8 of the Code of Federal Regulations," and the government has not explained, and the Court sees no reason, for why Petitioner's re-detention could be conducted under a different statutory framework. Dkt. # 1-7; *see Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that "release on recognizance" is "another name for 'conditional parole' under § 1226(a)"); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *7 (W.D. Wash. Nov. 26, 2025) (petitioner's "release on an order of recognizance shows that she was initially detained under § 1226(a)").

For these reasons, Petitioner is detained under Section 1226(a) rather than Section 1225(b).[2] The Court therefore turns to the *Mathews* factors considering this statutory underpinning.

B.      *Mathews* Factors

1.      Private Interest

The first *Mathews* factor considers "the private interest that will be affected by the official action[.]" *Mathews*, 424 U.S. at 335. Freedom from detention "is the most elemental" of private interests affected by official action. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

---

[2] For this reason, the Court disregards as irrelevant Respondents' arguments related to the regulations governing parole under section 1225(b). *See* Dkt. # 4 at 4-6.

ORDER - 5

It is undisputed that Petitioner has a liberty interest in being free from detention.  *See* Dkt. 4 at 7; Dkt. # 1 at 11.  Still, Respondents argue that Petitioner's liberty interest is attenuated because he is a noncitizen and his release was conditional.  Dkt. # 4 at 7-8.  But even conditional release "is valuable and must be seen as within the protection of the [Due Process Clause]."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 377-81 (1987) (recognizing that governmental action can create a liberty interest protected by the Due Process Clause); *Johnson v. Williford*, 682 F.2d 868, 873 (9th Cir. 1982) (same).

The interest is only strengthened by the government's decision to release Petitioner.  *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release.") (citing *Morrissey*, 408 U.S. at 482).  Petitioner was free from detention for almost two years.  Dkt. # 5 at 2.  This is enough time to "gain[ ] a foothold in the United States" and "develop ties in this country," thereby strengthen his interest in being free from detention.  *Pablo Sequen v. Albarran*, 800 F. Supp. 3d 998, 1009 (N.D. Cal. 2025) (first quoting *Kaplan v. Tod*, 267 U.S. 228, 230 (1925); and then quoting *Landon*, 459 U.S. at 32-33) (cleaned up).

In revoking Petitioner's release, the government has undeniably inflicted a "grievous loss" of Petitioner's liberty, thereby depriving him of a core private interest protected by the Due Process Clause.  *See Morrissey*, 408 U.S. 471 at 482.  Accordingly, the first *Mathews* factor favors Petitioner.

2.    Risk of Erroneous Deprivation of Interest Through Procedures Used

The second *Mathews* factor examines "the risk of an erroneous deprivation of [the petitioner's private] interest through the procedures used, and the probable value, if any, of

ORDER - 6

additional or substitute procedural safeguards[.]" *Mathews*, 424 U.S. at 335. Here, as Petitioner was arrested and immediately re-detained without any notice or opportunity to be heard when he appeared for his scheduled check-in, the risk of an erroneous deprivation of Petitioner's liberty interest is high.

Respondents say Petitioner's re-detention was permissible because of the criminal charge, which Respondents characterize as a violation of the OREC. Dkt. 4 at 8-9. But the OREC is silent on whether a charge alone violates the terms of release or if a conviction is required. *See* Dkt. # 1-7 ("You must not violate any local, State or Federal law or ordinances"). Multiple courts have considered cases under similar facts and determined that the government violated due process regardless of a non-citizen's pending criminal charges. *Gill v. Noem, et al.*, 2026 WL 686134, at *1 (W.D. Wash. Mar. 11, 2026) (finding that the government violated non-citizen's due process rights when they re-detained him without notice or a pre-deprivation hearing despite a pending DUI charge); *Kelly v. Almodovar*, 2025 WL 2381591, at *3-4 (S.D.N.Y. Aug. 15, 2025) (same despite pending assault charges); *Navjot S. v. Warden of the Golden State Annex Det. Facility*, 2026 WL 370140, at *1, 3 (E.D. Cal. Feb. 10, 2026) (same despite an arrest for felony spousal abuse and misdemeanor child abuse). But even more to the point, Respondent's argument fails because "the central issue here is the process by which re-detention occurred, not whether it was warranted." *Gill*, 2026 WL 686134, at *3.

Petitioners claim no procedures were used, and Respondents do not make any showing to the contrary. Dkt. # 1 at 13; *see generally* Dkt. # 4. The second factor favors Petitioner.

### 3. Government's Interest

The third *Mathews* factor contemplates "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

ORDER - 7

procedural requirement would entail." *Mathews*, 424 U.S. at 335. There is a "heightened government interest in the immigration detention context." *Rodriguez Diaz*, 53 F.4th at 1206.

Respondents' arguments for their interest stem from 8 U.S.C. § 1225(b)(2), but as the Court has already explained, that statute is inapplicable to the Petition. *See* Dkt. # 4 at 9. Still, the Court acknowledges that the government likely has an interest in "ensuring the appearance of [noncitizens] at future immigration proceedings" and "preventing danger to the community." *Zadvydas*, 533 U.S. at 690.

Prior to Petitioner's July 2025 charge, he had no criminal history and had not violated his OREC. Dkt. # 1 at 6; *see generally* Dkt. # 5. And as already explained, a charge is different from a conviction, and to treat it as such could have devastating consequences. *See Gill*, 2026 WL 686134, at *1 (non-citizen was charged with a DUI, detained in violation of due process, and during his detention the DUI charge was dismissed). As much as the charge should be considered, it does not necessarily indicate he would be a flight risk or danger to the community. Petitioner was released from custody by local authorities and required to wear a device that monitors his alcohol consumption. Dkt. # 1 at 7. ICE did not re-detained Petitioner until almost five months after his release from local custody, and in that time, Petitioner had no repeat incidents and wore the device without issue for months. *Id*. It is unclear why, or if, ICE believed Petitioner would be a flight risk or danger to the community—and the lack of process has prevented this Court from reviewing any such determination.

This *Mathews* factor also favors Petitioner. *E.A. T.-B.*, 795 F. Supp. 3d at 1324 ("the Government's interest in re-detaining non-citizens previously released without a hearing is low: although it would have required the expenditure of finite resources (money and time) to provide Petitioner notice and hearing on [release conditions] violations before arresting and re-detaining

ORDER - 8

him, those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue").

* * *

In sum, all three *Mathews* factors favor Petitioner. The government's re-detention of Petitioner with insufficient notice and no opportunity to be heard violates the due process protections afforded to him by the Constitution. As a result, Petitioner has proven by a preponderance of the evidence that he "is in custody in violation of the Constitution or laws or treaties of the United States" and thus is entitled to habeas relief. 28 U.S.C. § 2241(c).

## IV
### CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to the same conditions of release that governed before he was re-detained. The Court further ORDERS that Petitioner shall not be re-detained until after a hearing before a neutral decisionmaker and adequate notice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of April, 2026.

John H. Chun
United States District Judge

ORDER - 9